1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION

        Plaintiff,

   v.

IMMIGRATION CENTER, a Colorado non-profit Corporation;

IMMIGRATION FORMS AND PUBLICATIONS, INC., a Missouri corporation;

CHARLES DOUCETTE, individually and d/b/a TELESTAFFING, IMMIGRATION FORMS AND SERVICES, and IMMIGRATION FORM PROCESSING;

DEBORAH STILSON a/k/a DEBORAH MALMSTROM, individually and d/b/a LIBERTY LEGAL SERVICES, AMERICAN LEGAL SERVICES, and NINNER;

ALFRED BOYCE, individually and d/b/a MAYDENE WEB SERVICES;

Civil Action No. 3:11-CV-00055-LRH

**STIPULATED ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS IMMIGRATION CENTER, CHARLES DOUCETTE, DEBORAH STILSON, AND ALFRED BOYCE**

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1
2  THOMAS STRAWBRIDGE, individually
   and as an officer of IMMIGRATION FORMS
   AND PUBLICATIONS, INC.;

3
   ROBIN MEREDITH, individually and as an
4  officer of IMMIGRATION FORMS AND
   PUBLICATIONS, INC.;

5  THOMAS LAURENCE, individually; and

6  ELIZABETH MEREDITH, individually,

7              Defendants.

8

9       Plaintiff, the Federal Trade Commission ("FTC"), pursuant to Sections 13(b) and 19 of the

10 Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, filed its Complaint for

11 Injunctive and Other Equitable Relief, and an *Ex Parte* Application for Temporary Restraining

12 Order with Asset Freeze, Appointment of a Receiver, Order Granting Immediate Access, Order

13 Permitting Limited Expedited Discovery, and Order to Show Cause Why Preliminary Injunction

14 Should Not Issue, and Supporting Memorandum ("Memorandum in Support of Motion for

15 TRO"), pursuant to Rule 65 of the Federal Rules of Civil Procedure. On January 26, 2011, this

16 Court granted Plaintiff's *Ex Parte* Motion for TRO and entered a Temporary Restraining Order

17 ("TRO") with an Order to Show Cause Why a Preliminary Injunction Should Not Issue against

18 Defendants Immigration Center, Immigration Forms and Publications, Inc., Charles Doucette,

19 Deborah Stilson, Alfred Boyce, Thomas Strawbridge, Robin Meredith, Thomas Laurence, and

20 Elizabeth Meredith (collectively referred to as "Defendants").

21      On February 10, 2011, this Court entered a preliminary injunction against Defendants

22 Immigration Forms and Publications, Inc., Thomas Strawbridge, Robin Meredith, and Thomas

23 Laurence. The Court extended the Temporary Restraining Order as to Defendants Immigration

24 Center, Charles Doucette, Deborah Stilson, and Alfred Boyce until March 4, 2011.

25                              **DISPOSITION**

26      Having duly considered the parties' pleadings, papers, and arguments, the Court hereby

27 **GRANTS** the Stipulated Preliminary Injunction against Defendants Immigration Center, Charles

28

STIPULATED PRELIMINARY INJUNCTION

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  Doucette, Deborah Stilson, and Alfred Boyce.

2  **FINDINGS**

3  1.    This Court has jurisdiction over the subject matter of this case, and there is good
4  cause to believe it has jurisdiction over the Defendants.

5  2.    Venue lies properly with this Court.

6  3.    This Court has the authority to grant a preliminary injunction and other
7  appropriate relief pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Rule 65 of
8  the Federal Rules of Civil Procedure.

9  4.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the issuance of such
10 preliminary relief upon a proper showing that, weighing the equities and considering the FTC's
11 likelihood of ultimate success, such action would be in the public interest.

12 5.    Section 5(a) of the FTC Act prohibits deceptive acts and practices in or affecting
13 commerce. To be deceptive, an act or practice must be one that is likely to mislead consumers
14 acting reasonably under the circumstances, and is material. *FTC v. Stefanchik,* 559 F.3d 924, 928
15 (9th Cir. 2009); *FTC v. Cyberspace.com, LLC,* 453 F.3d 1196, 1199-1200 (9th Cir. 2006).

16 6.    The FTC alleged that Defendants Immigration Center, Charles Doucette, Deborah
17 Stilson, and Alfred Boyce (collectively referred to as "Immigration Center Defendants") have
18 engaged in, and are likely to engage in, acts and practices that violate Section 5(a) of the FTC
19 Act, 15 U.S.C. § 45(a), and that the FTC is therefore likely to prevail on the merits of this action.

20 7.    The FTC alleged that immediate and irreparable damage to the Court's ability to
21 grant effective final relief for consumers in the form of monetary restitution will occur from the
22 sale, transfer, or other disposition or concealment by Immigration Center Defendants of their
23 assets or business records unless Immigration Center Defendants are immediately restrained and
24 enjoined by Order of this Court.

25 8.    Weighing the equities and considering the FTC's likelihood of ultimate success
26 on the merits, a preliminary injunction with an asset freeze over all Immigration Center
27 Defendants and appointment of a temporary receiver over Immigration Center and any other
28 incorporated or unincorporated business through which any Individual Immigration Center

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    Defendant offers immigration and naturalization services, is in the public interest.

2       9.      There is good cause for issuing this preliminary injunction pursuant to Rule 65 of
3   the Federal Rules of Civil Procedure.

4       10.     No security is required of any agency of the United States for the issuance of a
5   preliminary injunction. Fed. R. Civ. P. 65(c).

6       11.     This Order does not constitute, and shall not be interpreted to constitute, either an
7   admission by Immigration Center Defendants of any of the FTC's allegations, or a finding by the
8   Court that Immigration Center Defendants have engaged in any violations of the FTC Act or any
9   other laws.

10                                          **DEFINITIONS**

11       For purposes of this Order, the following definitions shall apply:

12       1.      **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to,
13   any real or personal property, including, but not limited to, "goods," "instruments," "equipment,"
14   "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in
15   the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other
16   deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables,
17   funds, and all cash, wherever located.

18       2.      **"Assisting others"** includes but is not limited to: (1) performing customer service
19   functions, including, but not limited to, receiving or responding to consumer complaints; (2)
20   formulating or providing, or arranging for the formulation or provision of, any sales script or
21   other marketing material; (3) providing names of, or assisting in the generation of, potential
22   customers; (4) performing or providing marketing or billing services of any kind; (5) acting as an
23   officer or director of a business entity; or (6) providing telemarketing services.

24       3.      **"Consumer"** or **"Customer"** means any person who purchased, agreed to
25   purchase, or was charged for immigration and naturalization services from any Defendant prior
26   to the date of this Order.

27       4.      **"Defendants"** means all the Defendants named in this action including
28   Immigration Center, Immigration Forms and Publications, Inc., Charles Doucette, Deborah

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1 | Stilson, Alfred Boyce, Thomas Strawbridge, Robin Meredith, Thomas Laurence, and Elizabeth
2 | Meredith, individually, collectively, or in any combination.

3 |              a.      **"Individual Immigration Center Defendants"** refers to Charles
4 |                      Doucette, also d/b/a Telestaffing, Immigration Forms and Services and
5 |                      Immigration Form Processing; Deborah Stilson a/k/a Deborah Malmstrom,
6 |                      also d/b/a Liberty Legal Services, American Legal Services, and Ninner;
7 |                      and Alfred Boyce, also d/b/a Maydene Web Services; by whatever other
8 |                      names each may be known, individually, collectively, or in any
9 |                      combination; and

10 |             b.      **"Immigration Center Defendants"** refers to all of the Individual
11 |                     Immigration Center Defendants and Defendant Immigration Center,
12 |                     individually, collectively, or in any combination.

13 |     5.      **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil
14 | Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video
15 | recordings, computer records, digital records, and other data compilations from which
16 | information can be obtained and translated, if necessary, into reasonably usable form through
17 | detection devices. A draft or nonidentical copy is a separate Document within the meaning of the
18 | term.

19 |     6.      **"Financial Institution"** means any bank, savings and loan institution, credit
20 | union, or any financial depository of any kind, including, but not limited to, any brokerage house,
21 | trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious
22 | metal dealer.

23 |     7.      **"Immigration and naturalization services"** means any service provided to a
24 | person to aid or purporting to aid that person in any United States immigration or naturalization
25 | matter such as by: (a) appearing in any immigration case, either in person or through the
26 | preparation or filing of any brief or other document, paper, application, petition, or other form on
27 | behalf of another person before or with any branch of the United States Department of Homeland
28 | Security or the United States Department of Justice; (b) selecting or providing which visa, work

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  permit, temporary protective status, residency, citizenship, or other immigration status or benefit
2  to apply for, or which application or other form to use, or providing advice regarding these
3  selections; (c) advising a person regarding the requirements for obtaining a visa, a work permit,
4  temporary protective status, residency, citizenship, or any other immigration status or benefit; or
5  (d) advising a person regarding his or her answers on any immigration related document, paper,
6  application, petition, or other form.

7       8.     **"Mail"** includes but is not limited to all envelopes, papers or other items
8  delivered, whether by United States Mail, United Parcel Service, Federal Express, Electronic
9  Mail, or similar delivery service.

10      9.     **"Person"** means a natural person, an organization or other legal entity, including
11  a corporation, partnership, sole proprietorship, limited liability company, association,
12  cooperative, or any other group or combination acting as an entity.

13      10.    **"Receiver"** means the temporary receiver appointed in this Order.  The term
14  "receiver" also includes any deputy receivers as may be named by the temporary receiver.

15      11.    **"Receivership Defendants"** refers to Immigration Center and each Individual
16  Defendant who operates any unincorporated business offering immigration and naturalization
17  services.  Such Individual Defendants include but are not limited to Charles Doucette d/b/a
18  Telestaffing, Immigration Forms and Services, Immigration Form Processing, Maydene Media,
19  Liberty Legal Services, and American Legal Project; and Deborah Stilson, also known as
20  Deborah Malmstrom, d/b/a Liberty Legal Services, American Legal Services, Immigration
21  Forms, and Ninner as well as their successors, assigns, subsidiaries, and any fictitious business
22  entities or business names created or used by these entities, or any of them, that conduct any
23  business related to the Defendants' immigration and naturalization services and which the
24  Receiver has reason to believe are owned or controlled in whole or in part by any of the
25  Defendants.

26      12.    **"Receivership Property"** refers to any Assets, wherever located, that are (1)
27  owned, controlled, or held, in whole or in part, by, for the benefit of, or subject to access by, or
28  belonging to, any Receivership Defendant; (2) in the actual or constructive possession of any

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1 | Receivership Defendant; (3) held by an agent of any Receivership Defendant including as a

2 | retainer for the agent's provision of services to any of them; or (4) in the actual or constructive

3 | possession of, or owned, controlled, or held by, or subject to access by, any other individual,

4 | corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or

5 | controlled by, or under common control with, any Receivership Defendant, including, but not

6 | limited to, any assets held by or for any Receivership Defendant in any account at any bank or

7 | savings and loan institution, or with any credit card processing agent, automated clearing house

8 | processor, network transaction processor, bank debit processing agent, customer service agent,

9 | commercial mail receiving agency, or mail holding or forwarding company, or any credit union,

10 | retirement fund custodian, money market or mutual fund, storage company, trustee, or with any

11 | broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer,

12 | or other financial institution or depository of any kind, either within or outside the territorial

13 | United States. *Provided, however*, that Receivership Property shall not include property of the

14 | Individual Immigration Center Defendants not related to the marketing or sale of any

15 | immigration and naturalization service.

16 | **CONDUCT PROHIBITIONS**

17 | **I. Prohibitions Against Misrepresentations of Immigration and Naturalization Services**

18 | **IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing,

19 | promoting, offering for sale, sale, or provision of immigration and naturalization services,

20 | Immigration Center Defendants, and their officers, agents, servants, employees, and attorneys,

21 | and all other persons in active concert or participation with any of them, who receive actual

22 | notice of this Order by personal service or otherwise, whether acting directly or through any trust,

23 | corporation, subsidiary, division, or other device, or any of them, are hereby restrained and

24 | enjoined from misrepresenting, directly or indirectly, expressly or by implication, any material

25 | fact, including but not limited to:

26 |     A.    That Defendants are authorized to provide immigration and naturalization services

27 | in the United States;

28 |     B.    That Defendants are part of or affiliated with the United States Citizenship and

STIPULATED PRELIMINARY INJUNCTION

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1 | Immigration Services ("USCIS"), the United States Department of Homeland Security, or one or
2 | more agencies of the United States government; and

3 |     C.     That fees consumers pay to Defendants will cover costs associated with
4 | submitting documents to the USCIS.

### II. Prohibition Against Providing Means and Instrumentalities to Deceive Consumers Regarding Immigration and Naturalization Services

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promoting, offering for sale, or sale of immigration and naturalization services, Defendants Charles Doucette and Deborah Stilson, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from providing to others the means and instrumentalities with which to deceive consumers as described in Paragraph I.

### III. Customer Information

**IT IS FURTHER ORDERED** that Immigration Center Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

    A.     Destroying or disposing of, any customer's documents in their possession, custody, or control, including original documents and any briefs, applications, petitions or other papers prepared or filed on the customer's behalf; and

    B.     Using, selling, renting, leasing, transferring, or otherwise disclosing or benefitting from the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit or debit card number, bank account number, or other financial or identifying personal information of any person which was obtained by any Defendant prior to entry of this Order in connection with the provision of immigration and naturalization services.

    Provided, however, that Immigration Center Defendants may disclose such financial or

STIPULATED PRELIMINARY INJUNCTION

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1 | identifying personal information to a law enforcement agency or as required by any law,

2 | regulation, or court order.

3 | ### IV. Suspension of Websites

4 | **IT IS FURTHER ORDERED** that Immigration Center Defendants and each of their

5 | successors, assigns, members, officers, agents, servants, employees, and those persons in active

6 | concert or participation with them who receive actual notice of this Order by personal service,

7 | facsimile transmission, email, or otherwise, whether acting directly or through any entity,

8 | corporation, subsidiary, division, affiliate, or other device, and any other person or entity served

9 | with a copy of this Order, shall:

10 | A. Immediately do whatever is necessary to ensure that any Website used by

11 | Immigration Center Defendants for the advertising, marketing, promotion, offering for sale, sale,

12 | or provision of immigration and naturalization services, and containing statements or

13 | representations prohibited by Paragraph I of this Order, cannot be accessed by the public;

14 | B. Prevent the destruction or erasure of any Website used by Immigration Center

15 | Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of

16 | immigration and naturalization services, and preserving all documents, webpages, or Websites in

17 | the format in which they are currently maintained; and

18 | C. Immediately notify counsel for the FTC of any other Websites operated or

19 | controlled by Immigration Center Defendants.

20 | ### ASSET FREEZE AND DUTIES OF THIRD PARTIES

21 | ### V. Asset Freeze

22 | **IT IS FURTHER ORDERED** that Immigration Center Defendants, and their officers,

23 | agents, servants, employees, and attorneys, and all other persons in active concert or participation

24 | with any of them, who receive actual notice of this Order by personal service or otherwise,

25 | whether acting directly or through any trust, corporation, subsidiary, division, or other device, or

26 | any of them, except as provided herein, as stipulated by the parties, or as directed by further order

27 | of the Court, are hereby restrained and enjoined from:

28 | A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling,

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

      1.    owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Immigration Center Defendant;

      2.    in the actual or constructive possession of any Immigration Center Defendant; or

      3.    in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Immigration Center Defendant, including, but not limited to, any assets held by or for any Immigration Center Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

    B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Immigration Center Defendant, or subject to access by any Immigration Center Defendant or under any Immigration Center Defendant's control, without providing the FTC prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

STIPULATED PRELIMINARY INJUNCTION

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

C.     Cashing any checks or depositing any payments from customers or clients of Defendants;

D.     Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Immigration Center Defendant; or

E.     Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Immigration Center Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Immigration Center Defendant.

The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

Notwithstanding the asset freeze provisions of Sections V.A-E above, Individual Immigration Center Defendants may, upon prior agreement with the FTC and compliance with Section VIII (Financial Statements and Accounting), *infra*, pay from their individual personal funds reasonable attorneys' fees and reasonable, usual, ordinary, and necessary living expenses.

### VI. Duties of Third Parties

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Immigration Center Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Immigration Center Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

    1.     on behalf of, or for the benefit of, any Immigration Center Defendant or any other party subject to Section V above;

    2.     in any account maintained in the name of, or for the benefit of, or subject

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1                       to withdrawal by, any Immigration Center Defendant or other party subject

2                       to Section V above; and

3              3.     that are subject to access or use by, or under the signatory power of, any

4                       Immigration Center Defendant or other party subject to Section V above;

5     B.     Deny Immigration Center Defendants access to any safe deposit boxes or storage

6 facilities that are either:

7              1.     titled in the name, individually or jointly, of any Immigration Center

8                       Defendant, or other party subject to Section V above; or

9              2.     subject to access by any Immigration Center Defendant or other party

10                       subject to Section V above;

11     C.     Provide the FTC, within five (5) days of the date of service of this Order, a sworn

12 statement setting forth:

13              1.     The identification number of each account or asset titled in the name,

14                       individually or jointly, of any Immigration Center Defendant, or held on

15                       behalf of, or for the benefit of, any Immigration Center Defendant or other

16                       party subject to Section V above, including all trust accounts managed on

17                       behalf of any Immigration Center Defendant or subject to any Immigration

18                       Center Defendant's control;

19              2.     The balance of each such account, or a description of the nature and value

20                       of such asset;

21              3.     The identification and location of any safe deposit box, commercial mail

22                       box, or storage facility that is either titled in the name, individually or

23                       jointly, of any Immigration Center Defendant, or is otherwise subject to

24                       access or control by any Immigration Center Defendant or other party

25                       subject to Section V above, whether in whole or in part; and

26              4.     If the account, safe deposit box, storage facility, or other asset has been

27                       closed or removed, the date closed or removed and the balance on said

28                       date;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1       D.      Allow representatives of the FTC immediate access to inspect and copy, or upon

2   the FTC's request, within five (5) business days of said request, provide the FTC with copies of,

3   all records or other documentation pertaining to each such account or asset, including, but not

4   limited to, originals or copies of account applications, account statements, corporate resolutions,

5   signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit

6   and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box

7   logs; and

8       E.      This Section shall apply to existing accounts and assets, assets deposited or

9   accounts opened on or after January 26, 2011, the effective date of the TRO entered in this

10  matter, and any accounts or assets maintained, held or controlled at any time during the two years

11  immediately prior to the effective date of the TRO.  This Section shall not prohibit transfers in

12  accordance with any provision of this Order, any further order of the Court, or by written

13  agreement of the parties.

14              **VII. Repatriation of Assets and Documents**

15          **IT IS FURTHER ORDERED** that Immigration Center Defendants shall:

16      A.      To the extent they have not already done so, within three (3) business days

17  following service of this Order, take such steps as are necessary to repatriate to the territory of the

18  United States of America all Documents and Assets that are located outside such territory and are

19  held by or for Immigration Center Defendants or are under Immigration Center Defendants'

20  direct or indirect control, jointly, severally, or individually;

21      B.      To the extent they have not already done so, within three (3) business days

22  following service of this Order, provide the FTC with a full accounting of all Documents and

23  Assets that are located outside of the territory of the United States of America or that have been

24  transferred to the territory of the United States of America pursuant to Subsection A above and

25  are held by or for any Immigration Center Defendant or are under any Immigration Center

26  Defendant's direct or indirect control, jointly, severally, or individually, including the addresses

27  and names of any foreign or domestic financial institution or other entity holding the Documents

28  and Assets, along with the account numbers and balances;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    C.    Hold and retain all such Documents and Assets and prevent any transfer,

2    disposition, or dissipation whatsoever of any such Documents or Assets; and

3    D.    To the extent they have not already done so, within three (3) business days

4    following service of this Order, provide the FTC access to Immigration Center Defendants'

5    records and Documents held by Financial Institutions or other entities outside the territorial

6    United States, by signing and delivering to Plaintiff's counsel the Consent to Release of Financial

7    Records attached to this Order as Attachment A.

8                           **RECORD KEEPING PROVISIONS**

9                    **VIII.    Financial Statements and Accounting**

10    **IT IS FURTHER ORDERED** that, to the extent they have not already done so, within

11    five (5) business days following the service of this Order:

12    A.    Each Individual Immigration Center Defendant shall prepare and deliver to

13    counsel for the FTC a completed financial statement on the form captioned "Financial Statement

14    of Individual Defendant," which is attached to this Order as Attachment B.

15    B.    Unless otherwise agreed upon with Counsel for the FTC and the Receiver,

16    Immigration Center Defendants shall also prepare and deliver to Counsel for the FTC a

17    completed financial statement on the form captioned "Financial Statement of Corporate

18    Defendant," which is attached to this Order as Attachment C for Immigration Center and for each

19    business entity owned, controlled or managed by the Individual Immigration Center Defendants,

20    regardless of whether it is a defendant in this case. The financial statements shall be accurate as

21    of the date and time of entry of the Preliminary Injunction; and

22    C.    Each Immigration Center Defendant shall also prepare and deliver to Counsel for

23    the FTC:

24           1.    A completed statement, verified under oath:

25                 a.    specifying the name and address of each financial institution and

26                       brokerage firm at which the Immigration Center Defendant has

27                       accounts or safe deposit boxes. Said statements shall include

28                       assets held in foreign as well as domestic accounts; and

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

b.     listing all persons who have received payments, transfers, or assignment of funds, assets, or property which total $10,000 or more in any twelve-month period since January 1, 2009. This list shall specify: (a) the amount(s) transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid to the Immigration Center Defendant:

2.     For each immigration and naturalization good or service advertised, marketed, promoted, offered for sale, or sold by any Immigration Center Defendant, a detailed accounting, verified under oath, of:

a.     all gross revenues obtained from the sale of each such good or service (broken down by month and year) from January 1, 2009, through the date of the service of the TRO;

b.     all net profits obtained from the sale of each such good or service (broken down by month and year) from January 1, 2009, through the date of the service of the TRO;

c.     the total amount of each such good or service sold (broken down by month and year) from January 1, 2009, through the date of the service of the TRO; and

d.     the full name, address, and telephone number of every purchaser or recipient of each such good or service, and the amount paid by each from January 1, 2009, through the date of the service of the TRO.

## IX.    Records Maintenance and New Business Activity

**IT IS FURTHER ORDERED** that Immigration Center Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or

STIPULATED PRELIMINARY INJUNCTION

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1   any of them, are hereby restrained and enjoined from:

2        A.     Failing to create and maintain books, records, accounts, bank statements, current

3   accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement

4   ledgers and source documents, documents indicating title to real or personal property, and any

5   other data which, in reasonable detail, accurately, fairly and completely reflect the incomes,

6   disbursements, transactions, dispositions, and uses of the Immigration Center Defendants' assets;

7        B.     Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise

8   disposing of, in any manner, directly or indirectly, any Documents, including electronically-

9   stored materials, that relate in any way to the business practices or business or personal finances

10  of Immigration Center Defendants; to the business practices or finances of entities directly or

11  indirectly under the control of Immigration Center Defendants; or to the business practices or

12  finances of entities directly or indirectly under common control with any other Defendant; and

13       C.     Creating, operating, or exercising any control over any new business entity,

14  whether newly formed or previously inactive, including any partnership, limited partnership,

15  joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a written

16  statement disclosing: (1) the name of the business entity; (2) the address and telephone number of

17  the business entity; (3) the names of the business entity's officers, directors, principals,

18  managers, and employees; and (4) a detailed description of the business entity's intended

19  activities.

20  ## RECEIVERSHIP PROVISIONS

21  ## X.  Appointment of Receiver

22       **IT IS FURTHER ORDERED** that Aviva Gordon of Ellis & Gordon shall continue as

23  Temporary Receiver for Receivership Defendants with the full power of an equity receiver. The

24  Receiver shall be an agent of this Court in acting as a Receiver under this Order and shall be

25  accountable directly to this Court. The Receiver shall comply with all Rules of this Court

26  governing receivers. It is understood, given the nature of this assignment, that the Receiver may

27  conclude that there are insufficient assets in the receivership or that other factors warrant

28  withdrawal of the Receiver in accordance with Section XX of this Order.

STIPULATED PRELIMINARY INJUNCTION

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1

## XI.   Access to Receivership Defendants' Business Premises

2      **IT IS FURTHER ORDERED** that the Receiver and her representatives and agents shall
3  have immediate access to any business premises of the Receivership Defendants, and immediate
4  access to any other location where any Receivership Defendant has conducted business or where
5  property or business records are likely to be located.  Such business premises locations
6  specifically include, but are not limited to, the offices and facilities of one or more of the
7  Receivership Defendants at 160 Hubbard Way, Reno, Nevada 89502 and 510 E. Plumb Lane,
8  Ste. # B, Reno, Nevada 89502, and any storage facility that the Receiver learns is being used to
9  store records or property of any Receivership Defendant.

10     A.      The purpose of such access is to implement and carry out the Receiver's duties set
11  forth in Section XII of this Order and to inspect and inventory all of the Receivership Property,
12  including without limitation, assets and documents, and inspect and copy any documents relevant
13  to this action.  The Receiver and those specifically designated by her shall have the right to
14  remove the above-listed documents from those premises in order that they may be inspected,
15  inventoried, and copied;

16     B.      In connection with gaining access to and securing the business premises of the
17  Receivership Defendants, the Receiver is authorized to use the assistance of law enforcement
18  officers as the Receiver deems necessary to effect service and to implement peacefully the
19  provisions of this Order;

20     C.      The Receiver shall allow the FTC's representatives, agents, and assistants, as well
21  as Immigration Center Defendants and their representatives, reasonable access to the business
22  premises of Receivership Defendants.  The purpose of this access shall be to inspect and copy
23  any and all books, records, accounts, and other property, including computer data, owned by or in
24  the possession of the Receivership Defendants; and

25     D.      The Receiver is authorized to provide continued access to any business premises
26  of the Receivership Defendants to law enforcement officers, as she deems fit; and to refer to
27  those law enforcement officers any documents or information that may appear to be relevant to
28  her duties.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1

## XII.   Receivership Duties

2      **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

3 accomplish the following:

4      A.      Assume full control of the relevant Receivership Defendants by removing, as the

5 Receiver deems necessary or advisable, any Immigration Center Defendant or any director,

6 officer, independent contractor, employee or agent of any Immigration Center Defendant from

7 control or management of or participation in the affairs of the Receivership Defendants;

8      B.      Take exclusive custody, control, and possession of all assets and documents of, or

9 in the possession or custody or under the control of Receivership Defendants, wherever situated,

10 including without limitation all paper documents and all electronic data and devices that contain

11 or store electronic data including but not limited to computers, laptops, data storage devices,

12 back-up tapes, DVDs, CDs, and thumb drives and all other external storage devices and, as to

13 equipment in the possession or under the control of any Receivership Defendant, all PDAs, smart

14 phones, cellular telephones, and similar devices issued or paid for by any Receivership

15 Defendant. The Receiver shall be deemed to be the authorized responsible person to act on

16 behalf of the Receivership Defendants and, subject to further order of the Court, shall have the

17 full power and authority to take all corporate actions, including but not limited to, the filing of a

18 petition for bankruptcy as the authorized responsible person as to the Receivership Defendants,

19 dissolution of the Receivership Defendants, and sale of the Receivership Defendants. The

20 Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession,

21 hold, and manage all assets and documents constituting Receivership Property and other persons

22 or entities whose interests are now held by or under the direction, possession, custody or control

23 of the Receivership Defendants; provided, however, that the Receiver shall seek further authority

24 from the Court, after providing notice to the FTC, before attempting to collect any debt from a

25 consumer if the Receiver believes the debt was induced by unfair or deceptive practices,

26 including, without limitation, those identified by the FTC in this matter whether in the Complaint

27 or in subsequent filings;

28      C.      Take all steps necessary to secure the business premises of Receivership

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  Defendants including, but not limited to, all such premises located at 160 Hubbard Way, Reno,

2  Nevada 89502; and 510 E. Plumb Lane, Ste. # B, Reno, Nevada 89502.  Such steps may include,

3  but are not limited to, the following as the Receiver deems necessary or advisable:  (1) serving

4  this Order on any person or entity; (2) completing a written inventory of receivership assets;

5  (3) obtaining pertinent information from all employees and other agents of the Receivership

6  Defendants including, but not limited to, the name, home address, social security number, job

7  description, method of compensation, and all accrued and unpaid commissions and compensation

8  of each such employee or agent; (4) video taping all portions of the business premises;

9  (5) changing the locks and disconnecting any computer modems or other means of access to the

10  computer or other records maintained at the business premises; (6) requiring any persons present

11  on the business premises at the time this Order is served to leave the premises, to provide the

12  Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that

13  such persons are not removing from the premises documents or assets of the Receivership

14  Defendants; and (7) notwithstanding any other provision of this Order, the Receiver shall

15  determine what constitutes reasonable access by other persons or entities to the business premises

16  of the Receivership Defendants;

17         D.       Investigate, conserve, hold, and manage all receivership assets, and perform all

18  acts necessary or advisable to preserve the value of those assets in an effort to prevent any

19  irreparable loss, damage or injury to consumers or to creditors of the Receivership Defendants

20  including, but not limited to, obtaining an accounting of the assets, and preventing transfer,

21  withdrawal or misapplication of assets;

22         E.       Enter into contracts and purchase insurance as advisable or necessary;

23         F.       Prevent the inequitable distribution of assets and determine, adjust, and protect the

24  interests of consumers and creditors who have transacted business with Receivership Defendants;

25         G.       Manage and administer the business of Receivership Defendants until further

26  order of this Court by performing all incidental acts that the Receiver deems to be advisable or

27  necessary, which include retaining, hiring, or dismissing any employees, independent contractors,

28  or agents;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    H.    Choose, engage, and employ attorneys, accountants, appraisers, and other
2 independent contractors and technical specialists (collectively, "Professionals"), as the Receiver
3 deems advisable or necessary in the performance of duties and responsibilities under the
4 authority granted by this Order, which Professionals shall apply for payment of fees and costs
5 along with the Receiver and be paid from the assets of the receivership estate;

6    I.    Make payments and disbursements from the receivership estate that are necessary
7 or advisable for carrying out the directions of, or exercising the authority granted by, this Order;

8    J.    Determine and implement the manner in which Receivership Defendants will
9 comply with, and prevent violations of, this Order and all other applicable laws including, but not
10 limited to, revising sales materials and implementing monitoring procedures;

11    K.    Institute, compromise, adjust, defend, appear in, intervene in, or become party to
12 such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary
13 and advisable to preserve or recover the assets of Receivership Defendants or that the Receiver
14 deems necessary and advisable to carry out the Receiver's mandate under this Order, including,
15 but not limited to, the filing of a petition for bankruptcy on behalf of any Receivership
16 Defendant;

17    L.    Defend, compromise, adjust or otherwise dispose of any or all actions or
18 proceedings instituted in the past or in the future against the Receiver in her role as receiver, or
19 against any Receivership Defendant that the Receiver deems necessary and advisable to preserve
20 the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to
21 carry out the Receiver's mandate under this Order, all notwithstanding the Stay of Actions set
22 forth in Section XVII of this Order;

23    M.    Continue and conduct the business of Receivership Defendants in such manner, to
24 such extent, and for such duration as the Receiver may in good faith deem to be necessary and
25 advisable to operate the business profitably and lawfully, if at all; provided, however, that the
26 continuation and conduct of the business shall be conditioned upon the Receiver's good faith
27 determination that the business can be lawfully operated at a net profit using the assets of the
28 receivership estate and without resort to any unfair or deceptive practices including, without

STIPULATED PRELIMINARY INJUNCTION
Page 20 of 31

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1 │ limitation, those identified as such by the FTC in this matter whether in the Complaint or in

2 │ subsequent filings; and taking into account, among other things, that the fees and costs of the

3 │ Receiver and the Professionals must be paid as senior priority administrative expenses of the

4 │ receivership estate;

5 │      N.     Conduct investigations and issue subpoenas to obtain documents and records

6 │ pertaining to, or in aid of, the receivership, and conduct discovery in this action on behalf of the

7 │ receivership estate;

8 │      O.     Open one or more bank accounts in the District of Nevada as designated

9 │ depositories for funds of Receivership Defendants. The Receiver shall deposit all funds of the

10 │ Receivership Defendants in such a designated account and shall make all payments and

11 │ disbursements from the receivership estate from such an account;

12 │      P.     Maintain accurate records of all receipts and expenditures that he or she makes as

13 │ Receiver;

14 │      Q.     Cooperate with reasonable requests for information or assistance from any state or

15 │ federal law enforcement agency; and

16 │      R.     Make periodic reports, observations and recommendations to this Court and seek

17 │ guidance and instructions from this Court if the Receiver deems necessary upon one day's

18 │ written or oral notice to all parties who filed an appearance in this proceeding.

19 │                    **XIII.    Cooperation With The Receiver**

20 │      **IT IS FURTHER ORDERED** that the Immigration Center Defendants and all other

21 │ persons or entities served with a copy of this Order shall fully cooperate with and assist the

22 │ Receiver. This cooperation and assistance shall include, but not be limited to, providing any

23 │ information to the Receiver that the Receiver deems necessary to exercising the authority and

24 │ discharging the responsibilities of the Receiver under this Order; providing any password

25 │ required to access any computer, electronic account, or digital file or telephonic data in any

26 │ medium; turning over all property, accounts, files, and records including those in possession or

27 │ control of attorneys or accountants; and advising all persons who owe money to Receivership

28 │ Defendants that all debts should be paid directly to the Receiver. Immigration Center Defendants

STIPULATED PRELIMINARY INJUNCTION

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    are hereby temporarily restrained and enjoined from directly or indirectly:

2         A.    Transacting any of the business of Receivership Defendants;

3         B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of
4    any documents of Receivership Defendants including, but not limited to, books, records,
5    accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer
6    records, and other data compilations, electronically stored records, or any other papers of any
7    kind or nature;

8         C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning,
9    liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or
10   custody of, or in which an interest is held or claimed by, the Receivership Defendants or the
11   Receiver;

12        D.    Drawing on any existing line of credit available to Receivership Defendants;

13        E.    Excusing debts owed to Receivership Defendants;

14        F.    Failing to notify the Receiver of any asset, including accounts, of Receivership
15   Defendants held in any name other than the name of a Receivership Defendant, or by any person
16   or entity other than a Receivership Defendant, or failing to provide any assistance or information
17   requested by the Receiver in connection with obtaining possession, custody or control of such
18   assets;

19        G.    Doing any act that would, or failing to do any act which failure would, interfere
20   with the Receiver's taking custody, control, possession, or management of the assets or
21   documents subject to this receivership; or harassing or interfering with the Receiver in any way;
22   or interfering in any manner with the exclusive jurisdiction of this Court over the assets or
23   documents of the Receivership Property; or refusing to cooperate with the Receiver or her duly
24   authorized agents in the exercise of their duties or authority under any Order of this Court; and

25        H.    Filing, or causing to be filed, any petition on behalf of any Receivership
26   Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2002),
27   without prior permission from this Court.

28

STIPULATED PRELIMINARY INJUNCTION

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1

**XIV.  Delivery of Receivership Property**

2

**IT IS FURTHER ORDERED** that:

3       A.      Immediately upon service of this Order upon them, or within such period as may

4   be permitted by the Receiver, Receivership Defendants or any other person or entity shall transfer

5   or deliver possession, custody, and control of the following to the Receiver:

6               1.      All Receivership Property including, without limitation, bank accounts,

7                       Websites, buildings or office space owned, leased, rented, or otherwise

8                       occupied by the Receivership Defendants;

9               2.      All documents of the Receivership Defendants and all documents related

10                      to the business activities of the Immigration Center Defendants, including,

11                      but not limited to, books and records of accounts, legal files (whether held

12                      by Immigration Center Defendants or their counsel), all financial and

13                      accounting records, balance sheets, income statements, bank records

14                      (including monthly statements, canceled checks, records of wire transfers,

15                      and check registers), client lists, title documents, and other papers;

16              3.      All of Receivership Defendants' accounting records, tax records, and tax

17                      returns controlled by, or in the possession of, any bookkeeper, accountant,

18                      enrolled agent, licensed tax preparer or certified public accountant;

19              4.      All loan applications made by or on behalf of Receivership Defendants

20                      and supporting documents held by any type of lender including, but not

21                      limited to, banks, savings and loans, thrifts or credit unions;

22              5.      All assets belonging to members of the public now held by Receivership

23                      Defendants; and

24              6.      All keys and codes necessary to gain or secure access to any assets or

25                      documents of Receivership Defendants including, but not limited to,

26                      access to their business premises, means of communication, accounts,

27                      computer systems or other property; and

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    B.    In the event any person or entity fails to deliver or transfer any asset or otherwise

2   fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit

3   of Non-Compliance regarding the failure. Upon filing of the affidavit, in addition to other

4   remedies available to the Receiver, the Court may authorize, without additional process or

5   demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.

6   The writs shall authorize and direct the United States Marshall or any sheriff or deputy sheriff of

7   any county, or any other federal or state law enforcement officer, to seize the asset, document or

8   other thing and to deliver it to the Receiver.

9                              **XV.  Transfer of Funds to the Receiver**

10         **IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks,

11   broker-dealers, savings and loans, escrow agents, title companies, leasing companies, landlords,

12   ISOs, credit and debit card processing companies, insurance agents, insurance companies,

13   commodity trading companies and all persons, including, without limitation, relatives, business

14   associates or friends of the Immigration Center Defendants, or their subsidiaries or affiliates,

15   holding assets of Receivership Defendants or in trust for the Receivership Defendants, shall

16   cooperate with all reasonable requests of the Receiver relating to implementation of this Order,

17   including freezing and transferring funds at her direction and producing records related to the

18   assets of the Receivership Defendants.

19                      **XVI.  Collection of Receivership Defendants' Mail**

20         **IT IS FURTHER ORDERED** that:

21         A.    All Immigration Center Defendants are hereby restrained and enjoined from

22   opening mail addressed to the Receivership Defendants, including but not limited to such mail at

23   the following addresses:

24              1.    160 Hubbard Way, Reno, Nevada 89502;

25              2.    510 E. Plumb Lane, Ste. # B, Reno, Nevada 89502;

26              3.    3495 Lakeside Dr., 218, Reno, Nevada 89509; and

27              4.    Any address used by any of the Immigration Center Defendants related to

28                    the marketing or sale of any immigration and naturalization service;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    B.    The Receiver is authorized to open all such mail addressed to Receivership
2  Defendants;

3    C.    Any funds enclosed in any mail shall be maintained and accounted for by the
4  Receiver until further order by the Court; and

5    D.    Any Defendant who receives mail or any delivery addressed to a Receivership
6  Defendant shall promptly deliver it unopened to the Receiver.

7    The Receiver shall forward unopened all mail that she receives on behalf of any
8  Receivership Defendant, that is addressed solely to an Individual Immigration Center Defendant,
9  to the Individual Immigration Center Defendant at his or her last known address.

10                            **XVII. Stay of Actions**

11    **IT IS FURTHER ORDERED** that:

12    A.    Except by leave of this Court, during pendency of the receivership ordered herein,
13  Immigration Center Defendants and all other persons and entities aside from the Receiver are
14  hereby stayed from taking any action to establish or enforce any claim, right, or interest for,
15  against, on behalf of, in, or in the name of, the Receivership Defendants, any of their
16  partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting
17  in their capacities as such, including, but not limited to, the following actions:

18    1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or
19         proceeding, except that such actions may be filed to toll any applicable
20         statute of limitations;

21    2.    Accelerating the due date of any obligation or claimed obligation; filing or
22         enforcing any lien; taking or attempting to take possession, custody or
23         control of any asset; attempting to foreclose, forfeit, alter or terminate any
24         interest in any asset, whether such acts are part of a judicial proceeding or
25         are acts of self-help or otherwise;

26    3.    Executing, issuing, serving or causing the execution, issuance or service
27         of, any legal process including, but not limited to, attachments,
28         garnishments, subpoenas, writs of replevin, writs of execution, or any

STIPULATED PRELIMINARY INJUNCTION
Page 25 of 31

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1 |   | other form of process whether specified in this Order or not; and

2 | 4. | Doing any act or thing whatsoever to interfere with the Receiver taking

3 | | custody, control, possession, or management of the assets or documents

4 | | subject to this receivership, or to harass or interfere with the Receiver in

5 | | any way, or to interfere in any manner with the exclusive jurisdiction of

6 | | this Court over the assets or documents of the Receivership Defendants;

7 | B. | This Order does not stay:

8 | 1. | The commencement or continuation of a criminal action or proceeding;

9 | 2. | The commencement or continuation of an action or proceeding by a

10 | | governmental unit, including without limitation the FTC, to enforce such

11 | | governmental unit's police or regulatory power;

12 | 3. | The enforcement of a judgment, other than a money judgment, obtained in

13 | | an action or proceeding by a governmental unit to enforce such

14 | | governmental unit's police or regulatory power;

15 | 4. | The issuance to the Receivership Defendants of a notice of tax deficiency;

16 | | and

17 C. Except as otherwise provided in this Order, all persons and entities in need of

18 documentation from the Receiver shall in all instances first attempt to secure such information by

19 submitting a formal written request to the Receiver, and, if such request has not been responded

20 to within 30 days of receipt by the Receiver, any such person or entity may thereafter seek an

21 Order of this Court with regard to the relief requested.

22 **XVIII. Compensation of Receiver**

23 **IT IS FURTHER ORDERED** that the Receiver and her Professionals and all personnel

24 hired by the Receiver as herein authorized, including counsel to the Receiver and accountants,

25 are entitled to reasonable compensation for the performance of duties pursuant to this Order and

26 for the cost of actual out-of-pocket expenses incurred by them, which compensation shall be

27 derived exclusively from the assets now held by, or in the possession or control of, or which may

28 be received by, the Receivership Defendants or which are otherwise recovered by the Receiver.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1 | Each Receiver and Professional shall file with the Court and serve on the parties statements on a
2 | monthly basis, which shall include a description of all services provided and expenses incurred,
3 | with the first such statement filed no later than 30 days after the date of this Order. If no
4 | objection to the fees and expenses in the statements is filed with the Court by any party within 14
5 | days of service of the statements, then the Receiver shall be authorized to pay such statements on
6 | an interim basis, with final approval thereof to be reserved until the closing of the case. The
7 | Receiver shall not increase the hourly rates used as the bases for such fee applications without
8 | prior approval of the Court.

9 |
### XIX.  Receiver's Bond/Liability

10 | **IT IS FURTHER ORDERED** that no bond shall be required in connection with the
11 | appointment of the Receiver. Except for an act of gross negligence, the Receiver and the
12 | Professionals shall not be liable for any loss or damage incurred by any of the Immigration
13 | Center Defendants, their officers, agents, servants, employees and attorneys or any other person,
14 | by reason of any act performed or omitted to be performed by the Receiver and the Professionals
15 | in connection with the discharge of her duties and responsibilities, including but not limited to
16 | their withdrawal from the case under Section XX.

17 |
### XX.  Withdrawal of Receiver

18 | **IT IS FURTHER ORDERED** that the Receiver and any Professional retained by the
19 | Receiver, including but not limited to her attorneys and accountants, be and are hereby
20 | authorized to withdraw from their respective appointments or representations and apply for
21 | payment of their professional fees and costs at any time after the date of this Order, for any
22 | reason in their sole and absolute discretion, by sending written notice seven (7) days prior to the
23 | date of the intended withdrawal to the Court and to the parties along with a written report
24 | reflecting the Receiver's work, findings, and recommendations, as well as an accounting for all
25 | funds and assets in possession or control of the Receiver. The Receiver and Professionals shall
26 | be relieved of all liabilities and responsibilities, and the Receiver shall be exonerated and the
27 | receivership deemed closed seven (7) days from the date of the mailing of such notice of
28 | withdrawal. The Court will retain jurisdiction to consider the fee applications, report, and

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  accounting submitted by the Receiver and the Professionals.  The written notice shall include an

2  interim report indicating the Receiver's actions and reflect the knowledge gained along with the

3  fee applications of the Receiver and his or her Professionals.  The report shall also contain the

4  Receiver's recommendations, if any.

5  **XXI. Expedited Discovery**

6  **IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a),

7  31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d)

8  and (f), 30(a)(2)(A), and 31(a)(2)(A), Plaintiff is granted leave, at any time after entry of this

9  Order to:

10  A.  Take the deposition of any person or entity, whether or not a party, for the purpose

11  of discovering the nature, location, status, and extent of the assets of Immigration Center

12  Defendants, and Immigration Center Defendants' affiliates and subsidiaries; the nature and

13  location of documents reflecting the business transactions of Immigration Center Defendants,

14  and Immigration Center Defendants' affiliates and subsidiaries; the location of any premises

15  where Immigration Center Defendants, directly or through any third party, conduct business

16  operations; the Immigration Center Defendants' whereabouts; and/or the applicability of any

17  evidentiary privileges to this action; and

18  B.  Demand the production of documents from any person or entity, whether or not a

19  party, relating to the nature, status, and extent of the assets of Immigration Center Defendants,

20  and Immigration Center Defendants' affiliates and subsidiaries; the nature and location of

21  documents reflecting the business transactions of Immigration Center Defendants, and

22  Immigration Center Defendants' affiliates and subsidiaries; the location of any premises where

23  Immigration Center Defendants, directly or through any third party, conduct business operations;

24  the Immigration Center Defendants' whereabouts; and/or the applicability of any evidentiary

25  privileges to this action.

26  Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days

27  notice shall be deemed sufficient for the production of any such documents, and twenty-four (24)

28  hours notice shall be deemed sufficient for the production of any such documents that are

STIPULATED PRELIMINARY INJUNCTION
Page 28 of 31

1 | maintained or stored only as electronic data. The provisions of this Section shall apply both to
2 | parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules
3 | of Civil Procedure 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual
4 | shall not apply to depositions taken pursuant to this Section. Any such depositions taken
5 | pursuant to this Section shall not be counted toward any limit on the number of depositions under
6 | the Federal Rules of Civil Procedure including those set forth in Federal Rules of Civil Procedure
7 | 30(a)(2)(A) and 31(a)(2)(A) or the Local Rules of Civil Procedure for the United States District
8 | Court for the District of Nevada. Service of discovery upon a party, taken pursuant to this
9 | Section, shall be sufficient if made through the means described in Section XXII of this Order.

10 | ### XXII.  Service of this Order

11 | **IT IS FURTHER ORDERED** that copies of this Order may be distributed by U.S. first
12 | class mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees
13 | of the FTC, by agents or employees of the Receivers, by any law enforcement agency, or by
14 | private process server, upon any Person, Financial Institution, or other entity that may have
15 | possession or control of any property, property right, document, or asset of any Immigration
16 | Center Defendant, or that may be subject to any provision of this Order. Service upon any
17 | branch or office of any Financial Institution or entity shall effect service upon the entire financial
18 | institution or entity.

19 | ### XXIII. Distribution of Order by Defendants

20 | **IT IS FURTHER ORDERED** that Immigration Center Defendants shall immediately
21 | provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions,
22 | directors, officers, agents, partners, successors, assigns, employees, attorneys, agents,
23 | representatives, sales entities, sales persons, telemarketers, independent contractors, and any
24 | other Persons in active concert or participation with them. Within five (5) calendar days
25 | following service of this Order by the FTC, each Immigration Center Defendant shall file with
26 | this Court and serve on the FTC, an affidavit identifying the names, titles, addresses, and
27 | telephone numbers of the persons and entities Immigration Center Defendants have served with a
28 | copy of this Order in compliance with this provision.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1 | **XXIV. Consumer Reporting Agencies**

2 **IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting

3 Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report

4 concerning any Immigration Center Defendant to the FTC.

5 | **XXV. Correspondence with and Notice to the FTC**

6 **IT IS FURTHER ORDERED** that for purposes of this Order, all correspondence and

7 pleadings to the FTC shall be addressed to:

8 Miry Kim
Federal Trade Commission
9 915 Second Avenue, Suite 2896
Seattle, WA 98174
10 (206) 220-6350 [telephone]
(206) 220-6366 [facsimile]
11 mkim@ftc.gov

12 | **XXVI. Retention of Jurisdiction**

13 **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

14 all purposes.

15

16

**SO STIPULATED AND AGREED**:

17 PLAINTIFF:

18
WILLARD K. TOM
19 General Counsel
ROBERT J. SCHROEDER
20 Regional Director

21

22 Date: 3/1/11

MIRY KIM
23 LAURA M. SOLIS
Federal Trade Commission
24 915 Second Ave., Suite 2896
Seattle, WA 98174
25 (206) 220-6350

26 Attorneys for Plaintiff
FEDERAL TRADE COMMISSION
27

28

STIPULATED PRELIMINARY INJUNCTION
Page 30 of 31

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

DEFENDANTS:

Date: 3/1/11

GARY M/PAKELE
Attorney at Law
432 Court Street
Reno, Nevada 89501
Attorney for Defendants CHARLES DOUCETTE
and DEBORAH STILSON

Date: _____

ALFRED BOYCE
Individually

Date: _____

AVIVA GORDON
Ellis & Gordon
510 S. 9th St.
Las Vegas, NV 89101
(702) 385-3727
Receiver on behalf of Receivership Defendants

SO ORDERED, this ___ day of _____, 2011.

SEE LAST SIGNATURE PAGE

United States District Judge

STIPULATED PRELIMINARY INJUNCTION

Page 31 of 31

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  DEFENDANTS:

2

3  _____        Date:_____
   GARY M. PAKELE
   Attorney at Law
4  432 Court Street
   Reno, Nevada 89501
5  Attorney for Defendants CHARLES DOUCETTE
   and DEBORAH STILSON
6

7  _____        Date:_____
   CHARLES DOUCETTE
8  On Behalf of Defendant IMMIGRATION CENTER

9

10 _____        Date: Feb  26  2011
   ALFRED BOYCE
11 Individually

12

13 RECEIVER:

14

15 _____        Date:_____
   AVIVA GORDON
   Ellis & Gordon
16 510 S. 9th St.
   Las Vegas, NV 89101
17 (702) 385-3727
   Temporary Receiver for Defendant Immigration
18 Center

19

20

21 SO ORDERED, this ___ day of _____, 2011.

22

23                    SEE LAST SIGNATURE PAGE
                    _____
24                    United States District Judge

25

26

27

28

STIPULATED PRELIMINARY INJUNCTION

1 | DEFENDANTS:

2

3 | _____        Date:_____
   GARY M. PAKELE

4 | Attorney at Law
   432 Court Street

5 | Reno, Nevada 89501
   Attorney for Defendants CHARLES DOUCETTE
   and DEBORAH STILSON

6

7

8 | _____        Date:_____
   ALFRED BOYCE

9 | Individually

10

11

12 |                             Date:_____

13 | _____
   AVIVA GORDON

14 | Ellis & Gordon
   510 S. 9th St.

15 | Las Vegas, NV 89101
   (702) 385-3727

16 | Receiver on behalf of Receivership Defendants

17

18 | IT IS SO ORDERED.

19 | DATED this 3rd day of March, 2011.

20

21

22 | _____
   LARRY R. HICKS

23 | UNITED STATES DISTRICT JUDGE

24

25

26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, do hereby direct any bank or

trust company at which I have a bank account of any kind or at which a corporation has a bank

account of any kind upon which I am authorized to draw, and its officers, employees and agents,

to disclose all information and deliver copies of all documents of every nature in your possession

or control which relate to the said bank accounts to any attorney of the Federal Trade

Commission, and to give evidence relevant thereto, in the matter of *FTC v. Immigration Center,*

*et al.*, now pending in the United States District Court for the District of Nevada at Reno, and

this shall be irrevocable authority for so doing.  This direction is intended to apply to the laws of

countries other than the United States which restrict or prohibit the disclosure of bank

information without the consent of the holder of the account, and shall be construed as consent

with respect thereto, and the same shall apply to any of the bank accounts for which I may be the

relevant principal.

Dated: _____, 2011    Signed: _____

Attachment A

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.  "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5.  Type or print legibly.

6.  Initial each page in the space provided in the lower right corner.

7.  Sign and date the completed financial statement on the last page.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

<u>**Item 1.**</u>        **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

<u>**Item 2.**</u>        **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

<u>**Item 3.**</u>        **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

<u>**Item 4.**</u>        **Contact Information**

Attachment B

Initials _____

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

**Item 5.**     **Information About Dependents Who Live With You**

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 6.**     **Information About Dependents Who Do Not Live With You**

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

**Item 7.**     **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

**Item 7. continued**

Attachment B                              Initials _____

Income Received:  This year-to-date:  $_____          _____: $_____

      20_____:  $_____          _____: $_____

      _____:  $_____          _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____: $_____

      20_____:  $_____          _____: $_____

      _____:  $_____          _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____: $_____

      20_____:  $_____          _____: $_____

      _____:  $_____          _____: $_____

## Item 8.      Pending Lawsuits Filed by You or Your Spouse

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

## Item 9.      Pending Lawsuits Filed Against You or Your Spouse

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency.  (List

Attachment B

Initials _____

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

## Item 10. Safe Deposit Boxes

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |

## Item 11. Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

►Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

►Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

►Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Page 5

Attachment B

Initials _____

## FINANCIAL INFORMATION:  ASSETS AND LIABILITIES

**REMINDER:  "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

<u>**Item 12.**</u>                        **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____     Cash Held For Your Benefit  $_____

| <u>Name on Account</u> | <u>Name & Address of  Financial Institution</u> | <u>Account No.</u> | <u>Current Balance</u> |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

<u>**Item 13.**</u>                        **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| <u>Name on Account</u> | <u>Type of Obligation</u> | <u>Security Amount</u> | <u>Maturity Date</u> |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

<u>**Item 14.**</u>        **Publicly Traded Securities and Loans Secured by Them**

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

### Item 15.    Other Business Interests

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

### Item 16.    Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____
### Item 17.    Other Amounts Owed to You, Your Spouse, or Your Dependents

Attachment B

Initials _____

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

## Item 18.    Life Insurance Policies

List all life insurance policies held by you, your spouse, or your dependents.

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

## Item 19.    Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

## Item 20.    Personal Property

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

Attachment B    Initials _____

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

## Item 21.     Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

►Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

►Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 21.  Continued

►Vehicle Type _____ Make _____ Model _____ Year _____

Initials _____

Attachment B

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 22.     Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.     Credit Cards**

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

Attachment B

Initials _____

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

### Item 24.    Taxes Payable

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

### Item 25.    Judgments or Settlements Owed

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date _____ Amount $ _____

Attachment B

Initials _____

**Item 26.**   **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

▸Name & Address of Lender/Creditor _____

Nature of Liability_____   Name(s) on Liability_____

Date of Liability_____   Amount Borrowed $_____   Current Balance $_____

Payment Amount $_____   Frequency of Payment_____

▸Name & Address of Lender/Creditor _____

Nature of Liability_____   Name(s) on Liability_____

Date of Liability_____   Amount Borrowed $_____   Current Balance $_____

Payment Amount $_____   Frequency of Payment_____

## OTHER FINANCIAL INFORMATION

**Item 27.**   **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 28.**   **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 29.**   **Trusts and Escrows**

Attachment B

Initials _____

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

## Item 30.       Transfers of Assets

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Attachment B

Initials _____

## SUMMARY FINANCIAL SCHEDULES

**Item 31.**       **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $_____ | Credit Cards (Item 23) | $_____ |
| Cash in Financial Institutions (Item 12) | $_____ | Motor Vehicles - Liens (Item 21) | $_____ |
| U.S. Government Securities (Item 13) | $_____ | Real Property - Encumbrances (Item 22) | $_____ |
| Publicly Traded Securities (Item 14) | $_____ | Loans Against Publicly Traded Securities (Item 14) | $_____ |
| Other Business Interests (Item 15) | $_____ | Taxes Payable (Item 24) | $_____ |
| Judgments or Settlements Owed to You  (Item 16) | $_____ | Judgments or Settlements Owed (Item 25) | $_____ |
| Other Amounts Owed to You (Item 17) | $_____ | Other Loans and Liabilities (Item 26) | $_____ |
| Surrender Value of Life Insurance (Item 18) | $_____ | Other Liabilities (Itemize) | |
| Deferred Income Arrangements (Item 19) | $_____ | _____ | $_____ |
| Personal Property (Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles (Item 21) | $_____ | _____ | $_____ |
| Real Property (Item 22) | $_____ | _____ | $_____ |
| Other Assets (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Page  14

Initials _____

**Item 32.**   **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $ _____ | Mortgage Payments for Residence(s) | $ _____ |
| Fees, Commissions, and Royalties | $ _____ | Property Taxes for Residence(s) | $ _____ |
| Interest | $ _____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ _____ |
| Dividends and Capital Gains | $ _____ | Car or Other Vehicle Lease or Loan Payments | $ _____ |
| Gross Rental Income | $ _____ | Food Expenses | $ _____ |
| Profits from Sole Proprietorships | $ _____ | Clothing Expenses | $ _____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $ _____ | Utilities | $ _____ |
| Distributions from Trusts and Estates | $ _____ | Medical Expenses, Including Insurance | $ _____ |
| Distributions from Deferred Income Arrangements | $ _____ | Other Insurance Premiums | $ _____ |
| Social Security Payments | $ _____ | Other Transportation Expenses | $ _____ |
| Alimony/Child Support Received | $ _____ | Other Household Expenses | $ _____ |
| Gambling Income | $ _____ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| Total Income | $ _____ | Total Expenses | $ _____ |

Attachment B

Initials _____

## ATTACHMENTS

**Item 33.**       **Documents Attached to this Financial Statement**

List all documents that are being submitted with this financial statement.

Item No. Document
Relates To

Description of Document

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                             Signature

Attachment B

Initials _____

FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.   Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.   In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.   When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.   Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5.   Type or print legibly.

6.   An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**      **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**      **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status: Active _____ Inactive _____ Dissolved _____

If Dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**      **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Attachment C

Initials _____

**Item 4.**     **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |

**Item 5.**     **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 6.**     **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |
| | |

Attachment C

Initials _____

## Item 7.     Businesses Related to the Corporation

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

## Item 8.     Businesses Related to Individuals

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

## Item 9.     Related Individuals

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Page  4

Attachment C

Initials _____

**Item 10.**     **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 11.**     **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| | |
| | |
| | |
| | |

**Item 12.**     **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| | | |
| | | |
| | | |
| | | |
| | | |

Page 5

Attachment C

Initials _____

**Item 13.**       **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

## Item 14.      Current Lawsuits Filed Against the Corporation

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Attachment C

Initials _____

**Item 15.**      **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**            **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**      **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

**Item 18.**      **Financial Statements**

Page 8

Attachment C

Initials _____

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|------------------------|---------------------|---------------------------|----------|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### Item 19.        Financial Summary

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------|----------------------|------------|-------------|-------------|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

### Item 20.        Cash, Bank, and Money Market Accounts

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|-----------------------------------------|------------------------|-------------|-----------------|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 21.        Government Obligations and Publicly Traded Securities

Attachment C

Initials _____

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**      **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**      **Other Assets**

Attachment C

Initials _____

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

## Item 24.    Trusts and Escrows

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

## Item 25.    Monetary Judgments and Settlements Owed To the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Page  11

Initials _____

Attachment C

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**    **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.**    **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Page 12

Initials _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**    **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

<u>Name of Credit Card or Store</u>                    <u>Names of Authorized Users and Positions Held</u>

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

**Item 29.**    **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| <u>Name/Position</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Compensation or Type of Benefits</u> |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 30.**    **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

Page 13                                                              Initials _____

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $ _____ | $ _____ | $ _____ | _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ |
| _____ | $ _____ | $ _____ | $ _____ | _____ |

**Item 31.**      **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $ _____ | _____ | _____ |
| _____ | _____ | $ _____ | _____ | _____ |
| _____ | _____ | $ _____ | _____ | _____ |
| _____ | _____ | $ _____ | _____ | _____ |
| _____ | _____ | $ _____ | _____ | _____ |

**Item 32.**      **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document Relates To        Description of Document

Attachment C

Initials _____

---

---

---

---

---

---

---

---

---

---

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____

(Date)                            Signature

                                  _____

                                  Corporate Position

Attachment C                    Initials _____