UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-CV-00055-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| IMMIGRATION CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court are Receiver Aviva Y. Gordon's First Application for Fees (#57[1]) and Second Application for Fees (#69). Defendants Charles Doucette and Deborah Stilson filed objections to both (#61-62, 70-71), to which the Receiver filed replies (#64, 72).

This is an action by the Federal Trade Commission ("FTC") for injunctive and other equitable relief for alleged violations of the FTC Act, 15 U.S.C. § 45(a), in connection with the advertising, marketing, and sale of immigration and naturalization services. On January 26, 2011, this court entered a temporary restraining order which, *inter alia*, appointed Gordon as temporary receiver. Doc. #18, p. 14. On February 2, 2011, the court extended the temporary restraining order and receivership pursuant to stipulation of the presently objecting defendants. Doc. ##27-29. On March 3, 2011, the court entered a stipulated preliminary injunction. Doc. #54.

---

[1] Refers to court's docket entry number.

1         On March 21, 2011, the Receiver filed the first application for payment of $27,235.61 in
2  fees and expenses from the assets of the estate.  Doc. #57.  The Receiver's itemized accounting of
3  hours billed and expenses reflects fees totaling $25,445.00 (based on 72.70 hours at $350 per hour)
4  and expenses totaling $1,790.61.  Doc. #57, Exh. A.

5         On May 23, 2011, the Receiver filed a second application, increasing the total amount of
6  fees and expenses requested to $41,860.91.  Doc. #69.  The increase of $14,625.30 consists of an
7  additional $14,420.00 in fees and $205.30 in expenses.  Doc. #69, Exh. A.

8         Defendants Doucette and Stilson assert various objections and request the court to award
9  only half of the fees requested and none of the expenses.  They assert that it was a "major
10 oversight" that the Receiver is based on Las Vegas, not Reno, resulting in unnecessary fees and
11 expenses associated with travel to Reno.  They also assert that Receiver's $350 hourly rate, the
12 $269.16 payment to the locksmith, and the overall bill are excessive or unreasonable.

13        The FTC fully disclosed Gordon's hourly rate and Las Vegas location, and the court
14 considered such factors in light of Gordon's experience and qualifications in granting the
15 appointment.  Furthermore, no objections were raised to Gordon's hourly rate or location at the
16 show cause hearing on February 3, 2011.  Indeed, Defendants Doucette and Stilson stipulated to
17 Gordon's continued appointment.  Doc. #27.

18        The court finds that the Receiver's hourly rate, hours billed and costs incurred were
19 reasonably expended and are approved for payment from the assets of the estate.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

1   IT IS THEREFORE ORDERED that Receiver Aviva Y. Gordon's First Application for
2 Fees (#57) and Second Application for Fees (#69) are GRANTED.
3   IT IS SO ORDERED.
4   DATED this 30th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE