1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   vs.<br><br>IMMIGRATION CENTER, *et al.*,<br><br>   Defendants. | Case No. 3:11-CV-00055-LRH (VPC)<br><br>**DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF AS TO DEFENDANTS IMMIGRATION FORMS AND PUBLICATIONS, INC., THOMAS STRAWBRIDGE, ROBIN MEREDITH, THOMAS LAURENCE, AND ELIZABETH MEREDITH** |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having filed a

complaint under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 1

§ 53(b), to obtain preliminary and permanent injunctive relief, consumer restitution, refunds, disgorgement, and other equitable relief for defendants' deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Clerk of the Court having entered a default against Defendants Immigration Forms and Publications, Inc., Thomas Strawbridge, Elizabeth Meredith, Thomas Laurence, and Robin Meredith ("Defaulting Defendants"), and the Court having considered the pleadings, declarations, exhibits, and memoranda filed by the Commission, and now being advised in the premises, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, makes the following findings and enters the following Order for Permanent Injunction and Monetary Relief as to Defaulting Defendants:

## FINDINGS

1.      This Court has jurisdiction over the subject matter of this action and all of the parties thereto pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

2.      Venue is proper in this District under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

3.      The Commission is charged, *inter alia*, with responsibility for administering and enforcing Section 5 of the FTC Act, 15 U.S.C. § 45, which prohibits unfair or deceptive acts or practices in or affecting commerce.

4.      The activities of Defaulting Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.      This action was instituted by the Commission under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).  The Commission seeks permanent injunctive relief and monetary redress for the alleged deceptive acts or practices of Defaulting Defendants in connection with the advertising, marketing, promotion, offering for sale, or sale of immigration and naturalization services to U.S. consumers.  Pursuant to Section 13(b) of the FTC Act, the Commission has the authority to seek the relief it has requested.

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 2

6.    The Complaint states claims upon which relief may be granted against Defaulting Defendants, under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

7.    Defaulting Defendants were served with the Summons and Complaint as required by Rule 4 of the Federal Rules of Civil Procedure.

8.    Defaulting Defendants each failed to file an answer with the Clerk of the Court as required by Rule 12(a) of the Federal Rules of Civil Procedure or otherwise defend this action. The Clerk of the Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 77-1(b)(2), entered default against Defaulting Defendants on March 16, 2011.  The FTC is therefore entitled to a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 77-1(b)(2).

9.    Because of Defaulting Defendants' default, the allegations in the Complaint filed in this action are taken as true.

10.    The Court now finds that Defaulting Defendants, in connection with the advertising, marketing, promotion, offering for sale, or sale of immigration and naturalization services, have violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by falsely representing, directly or indirectly, expressly or by implication, that:

> a.    Defaulting Defendants are authorized to provide immigration and naturalization services in the United States;
>
> b.    Defaulting Defendants are part of or affiliated with the U.S. Citizenship and Immigration Services ("USCIS"), the U.S. Department of Homeland Security, or one or more agencies of the United States government; and
>
> c.    fees consumers pay to Defaulting Defendants will cover all costs associated with submitting documents to the USCIS.

11.    Defendants Thomas Laurence, Elizabeth Meredith, Thomas Strawbridge, and Robin Meredith are individually liable for the violations attributed to them as described above.

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 3

12. Defaulting Defendants are jointly and severally liable for the violations attributed to them as described above.

13. The Court finds that, absent a permanent injunction, Defaulting Defendants are likely to continue to engage in the activities alleged in the Complaint.

14. The FTC has provided evidence, in the form of a sworn affidavit, detailing the consumer injury attributable to Defaulting Defendants' violations of Section 5(a) of the FTC Act.

15. Defaulting Defendants have caused consumer injury in the amount of at least $602,925.18.

16. The Commission is entitled to permanent injunctive relief, redress to consumers, and disgorgement from Defaulting Defendants in the form and amount set forth below.

17. Entry of this Order is in the public interest.

18. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. **"Assisting others"** includes, but is not limited to:

    a. performing customer service functions including, but not limited to, receiving or responding to consumer complaints;

    b. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;

    c. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 4

Internet websites, affiliate marketing services, or media placement services;

  d. providing names of, or assisting in the generation of, potential customers;

  e. performing marketing, billing, or payment services of any kind; and

  f. acting or serving as an owner, officer, director, manager, or principal of any entity.

2. **"Consumer"** means any natural person.

3. **"Customer"** means any person who purchased or agreed to purchase, or any person on whose behalf a person purchased or agreed to purchase, immigration services from any Defendant prior to the entry of this Order.

4. **"Defendants"** means Immigration Center; Immigration Forms and Publications, Inc.; Charles Doucette; Deborah Stilson; Alfred Boyce; Thomas Strawbridge; Robin Meredith; Thomas Laurence; and Elizabeth Meredith, individually, collectively, or in any combination.

5. **"Defaulting Defendants"** means Immigration Forms and Publications, Inc.; Thomas Strawbridge; Robin Meredith; Thomas Laurence; and Elizabeth Meredith, individually, collectively, or in any combination.

6. **"Defaulting Corporate Defendant"** means Immigration Forms and Publications, Inc. and its successors and assigns.

7. **"Defaulting Individual Defendants"** means Thomas Strawbridge, Robin Meredith, Thomas Laurence, and Elizabeth Meredith.

8. **"Immigration services"** means any service purporting to aid any person in any immigration or naturalization matter involving the United States government, such as by: (a) appearing in any immigration case, either in person or through the preparation or filing of any brief, paper, application, petition, form, or other document, on behalf of another person, before any branch of the United States Department of Homeland Security or the United States

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 5

Department of Justice; (b) selecting which visa, work permit, temporary protective status, residency, citizenship, or other immigration status or benefit to apply for, or which application or other form to use, or providing advice regarding these selections; (c) advising a person regarding the requirements for obtaining a visa, a work permit, temporary protective status, residency, citizenship, or any other immigration status or benefit; or (d) advising a person regarding his or her answers on any immigration-related document, paper, application, petition, or other form.

## ORDER

### I.   BAN ON PROVIDING IMMIGRATION SERVICES

IT IS ORDERED that Defaulting Defendants are permanently restrained and enjoined from providing, or assisting others in providing, immigration services.

### II.   PROHIBITED BUSINESS ACTIVITIES REGARDING OTHER GOODS OR SERVICES

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promotion, offering for sale, or sale of other goods or services, Defaulting Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication:

A.      Their education, training, or credentials, or that they are qualified or authorized to provide legal advice or services;

B.      That they are part of or affiliated with one or more agencies of the United States government; and

C.      Any material fact, including but not limited to:

      1.      The total cost to purchase, receive, or use the goods or services;

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 6

2.      Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services;

3.      Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the goods or services; or

4.      Any material aspect of the performance, efficacy, nature, or central characteristics of the goods or services.

### III.      DISPOSITION OF PAST CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defaulting Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

A.      Disclosing, using or benefitting from customer information, including the name, address, telephone number, email address, Social Security Number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) that any Defendant obtained prior to entry of this Order; and

B.      Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

### IV.      MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 7

A.      Judgment is hereby entered, as equitable monetary relief, in favor of the FTC and against Defaulting Defendants, jointly and severally, in the amount of six hundred two thousand, nine hundred twenty-five Dollars and eighteen cents ($602,925.18), less the sum of any amounts paid to the FTC pursuant to judgment in this action by Defendants Immigration Center, Charles Doucette, or Deborah Stilson;

B.      All funds paid, collected, and/or recovered pursuant to this Order shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief.  Defaulting Defendant shall cooperate fully to assist the FTC in identifying consumers who may be entitled to redress pursuant to this Order.  If the FTC determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defaulting Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defaulting Defendants shall have no right to challenge the FTC's choice of remedies under this Part B.  Defaulting Defendants shall have no right to contest the manner of distribution chosen by the FTC.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture;

C.      Defaulting Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law; and

D.      In accordance with 31 U.S.C. § 7701, as amended, Defaulting Defendants are hereby required, unless they have already done so, to furnish to the FTC their taxpayer identifying numbers (Social Security Numbers or Employer Identification Numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.  Defaulting Individual Defendants are each further required, unless they have already

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 8

done so, to provide the FTC with a clear, legible and full-size photocopy of a valid driver's license, which will be used for reporting and compliance purposes.

## V.      ASSET FREEZE

IT IS FURTHER ORDERED that, upon entry of this Order, the freeze of Defaulting Defendants' assets shall be dissolved.

## VI.      ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defaulting Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defaulting Defendant, within seven (7) days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, each Defaulting Individual Defendant for any business that such Defaulting Individual Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and the Defaulting Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defaulting Defendant delivered a copy of this Order, that Defaulting Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.      COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defaulting Defendants make timely submissions to the FTC:

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 9

A.      One year after entry of this Order, each Defaulting Defendant must submit a compliance report, sworn under penalty of perjury:

   1. Each Defaulting Defendants must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the FTC may use to communicate with the Defaulting Defendant; (b) identify all of that Defaulting Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defaulting Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defaulting Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

   2. Additionally, each Defaulting Individual Defendant must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defaulting Defendant performs services whether as an employee or otherwise and any entity in which such Defaulting Defendant has any ownership interest; and (c) describe in detail such Defaulting Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 10

B.     For twenty (20) years following entry of this Order, each Defaulting Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.     Each Defaulting Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Defaulting Corporate Defendant or any entity that Defaulting Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, each Defaulting Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defaulting Defendant performs services whether as an employee or otherwise and any entity in which such Defaulting Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.     Each Defaulting Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defaulting Defendant within fourteen (14) days of its filing.

D.     Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 11

E.      Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Immigration Center, et al.*, X110013.

## VIII.    RECORD KEEPING

IT IS FURTHER ORDERED that Defaulting Defendants must create certain records for twenty (20) years after entry of the Order, and to retain each such record for five (5) years. Specifically, the Defaulting Corporate Defendant and each Defaulting Individual Defendant, for any business in which that Defaulting Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A.      Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.      Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E.      A copy of each advertisement or other marketing material.

## IX.      COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defaulting Defendants' compliance with this Order:

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 12

A.      Within fourteen (14) days of receipt of a written request from a representative of the FTC, each Defaulting Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures described by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the FTC is authorized to communicate directly with each Defaulting Defendant.  Defaulting Defendant must permit representatives of the FTC to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defaulting Defendants or any individual or entity affiliated with Defaulting Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.      RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.


**IT IS SO ORDERED**, this __29th__ day of ____February____, 2012.


_____

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

DEFAULT JUDGMENT & ORDER (Case No. 3:11-CV-00055-LRH-VPC) - 13